**Esther A. IRWIN, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 86–C–409.**

United States District Court, E.D. Wisconsin.

Oct. 20, 1987.

Frank R. Terschan, Stephen P. Juech, Milwaukee, Wis., for plaintiff.

James O. Huber, Maureen A. McGinnity, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

Defendant Metropolitan Life Insurance Company ("Metropolitan Life") has moved for summary judgment. The plaintiff, Esther Irwin, alleges that the defendant improperly voided the plaintiff's insurance policies. This court's jurisdiction arises under 28 U.S.C. § 1332. This court will grant the defendant's motion because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.

On June 7, 1983, the plaintiff met with Metropolitan Life Agent Paul W. McNally and applied for health insurance with Metropolitan Life. Question 11 of the policy application asked:

> Have you or any of the said family members, within the past five years, had any treatment, examination or advice by a physician or other practitioner, or at a clinic, hospital, dispensary or sanitorium?

In response to that question, the plaintiff disclosed one physician, Dr. Driscoll, and revealed that she was being treated for anemia. Question 13(b) of the policy application asked:

> Have you, or any of the said family members, ever had, so far as you know, any bodily or mental disease, disorder, abnormal physical condition or impairment not referred to in your answers to Questions 11 or 12?

The plaintiff answered no to this question. Affidavit of James J. McGuire, Exhibit A. The plaintiff stated in a deposition that, at the time she applied for the policies, she interpreted Question 13(b) as posing the same five year time frame as Question 11 and not her whole lifetime. At the time of her deposition, however, the plaintiff also stated that she understands the word "ever" to refer to her whole lifetime. Affidavit of Frank R. Terschan, Exhibit 4. As part of the application, the plaintiff signed medical releases, allowing Metropolitan Life access to all of the plaintiff's prior medical records. Affidavit of James J. McGuire, Exhibit A.

Metropolitan Life Agent Paul W. McNally believes he followed the procedure taught by Metropolitan Life for taking applications when he took the plaintiff's application; that is, he read the questions on the

application verbatim, without explanation or elaboration, and took the answer given by the plaintiff. Affidavit of Frank Terschan, Exhibit 1. The plaintiff stated that Agent McNally made it clear to her that he would answer any questions she had, but that she did not ask any questions. The plaintiff reviewed the insurance application before signing it. Affidavit of Maureen McGinnity, Exhibit D.

Prior to issuing a policy to the plaintiff, Metropolitan Life contacted Dr. Driscoll, the physician identified in the plaintiff's application, and requested a brief report. Dr. Driscoll responded that he had treated the plaintiff since 1976 for pernicious anemia and hypothyroidism, that the plaintiff's health was otherwise O.K., and that he had not consulted any other physicians or surgeons. Affidavit of James J. McGuire, ¶ 3, Exhibit B.

Based on the disclosures in the plaintiff's application and the report of Dr. Driscoll, Metropolitan Life issued a Hospital and Medical–Surgical Expense Insurance Policy and a Major Medical Expense Policy to the plaintiff effective August 5, 1983. Both policies contained riders excluding coverage for expenses incurred in connection with treatment of any thyroid gland disease or anemia. Affidavit of James J. McGuire, ¶ 5.

In 1984, the plaintiff was injured in an automobile accident and submitted claims to Metropolitan Life for payment of her medical expenses. When investigating the plaintiff's claim, Metropolitan Life learned, for the first time, that the plaintiff previously underwent treatment for psychotic episodes. Affidavit of James J. McGuire, ¶ 8. The plaintiff was hospitalized for one month in 1971 for a psychotic episode and was treated on a regular basis for psychotic episodes from 1976 through 1978 by Dr. Lloyd Jenk. Supplementary Affidavit of James J. McGuire, ¶ 2, Exhibit G. If Metropolitan Life had known of this history in 1983, it never would have issued the health insurance policies to the plaintiff. Affidavit of James J. McGuire, ¶¶ 8, 9. Metropolitan Life denied the plaintiff's claims for benefits, returned her premium payments and voided her policies because of the plaintiff's failure to disclose her medical history on her application. Following the denial of benefits, the plaintiff commenced this action.

Both parties agree that the only remaining issue in this case is whether Metropolitan Life properly voided the plaintiff's insurance policies. With respect to this issue, the parties have stipulated that in her application for insurance:

... plaintiff did not include her prior medical treatment and hospitalization for psychotic episodes, and such omission was, and is, material. Had Metropolitan Life Insurance Company had actual knowledge of the prior episodes, that company would not have issued the policy of insurance in question in this lawsuit.

Supplementary Affidavit of Maureen McGinnity, Exhibit H.

Metropolitan Life argues that the insurance policies issued to the plaintiff are void as a matter of law because the plaintiff made material misrepresentations on her policy application and that summary judgment is appropriate. The plaintiff disputes the assertion that the plaintiff's omissions on her policy application constitute misrepresentations, and argues that even if a misrepresentation was made, it is unclear that Metropolitan Life relied upon the misrepresentation in issuing the policies. Metropolitan Life responds that there is no genuine issue of fact as to whether the plaintiff made misrepresentations on her insurance application or whether Metropolitan Life relied upon the misrepresentations in issuing the policy.

Both parties agree that for Metropolitan Life to succeed on a motion for summary judgment, Metropolitan Life must show that: (1) the plaintiff made a misrepresentation in her policy application; (2) the misrepresentation was material; and (3) Metropolitan Life relied on the misrepresentation in issuing the insurance policy. See Wis. Stats. § 631.11(2). The plaintiff contends that only the materiality requirement is undisputed in the record before the court on the motion for summary judgment.

## PLAINTIFF'S MISREPRESENTATIONS ON APPLICATION

Metropolitan Life argues that the plaintiff made a misrepresentation in her answers to Questions 11 and 13(b) of the policy application. The undisputed record shows that the plaintiff made a misrepresentation by not disclosing her treatment for psychotic episodes when asked in Question 11 if she had undergone any treatment for mental disorders within the last five years. The plaintiff signed the application answering Question 11 on June 7, 1983, and she received treatment from Dr. Jenk from January, 1978 through October, 1978. This treatment was within five years of the date on the application and should have been disclosed.

■ The plaintiff contends that there is a question of fact as to whether the plaintiff made a misrepresentation in answering Question 13(b) because, under Wisconsin law, the plaintiff's state of mind must be considered in determining whether her answer to Question 13(b) was true and that a good faith attempt by the plaintiff to answer questions concerning medical history may preclude a finding of misrepresentation as a matter of law. The plaintiff argues that she believed Question 13(b) was asking her about any treatment received within the last five years. The plaintiff also argues that Question 13(b) is vague and overbroad and that there is a question of fact as to whether Question 13(b) truly calls for a complete and completely honest response.

Question 13(b) asks the plaintiff an objective fact. Contrary to the plaintiff's position, Wisconsin law does not require a subjective evaluation of the plaintiff's state of , mind and intent when determining whether a misrepresentation was made about an objective fact on an insurance application. The cases the plaintiff relies on do not support her position and are inapplicable because they discuss the disclosure required to support a finding that an applicant did not misrepresent a subjective fact or belief about the applicant's present health asked for by a question on an insurance application. See *Fuchs v. Old Line Life Ins. Co.*, 46 Wis.2d 67, 174 N.W.2d 273 (1970) (Applicant not required to disclose prior myocardial infarction when asked if now free of any sickness or physical impairment), and *Nolden v. Mutual Benefit Life Ins. Co.*, 80 Wis.2d 353, 259 N.W.2d 75 (1977) (Applicant not required to disclose a heart murmur in response to question asking whether applicant has any physical impairment or reason to believe not in sound physical condition when applicant had previously disclosed heart murmur and murmur never bothered applicant or required treatment). In addition, the Wisconsin Jury Instruction Civil 3100 defines the meaning of misrepresentation, as used in Wis.Stats. § 631.11, and does not contain any requirement concerning the applicant's intent or subjective state of mind. Therefore, a dispute over the plaintiff's intent and state of mind in this case is irrelevant to determining whether the plaintiff made a misrepresentation in answering Question 13(b) on her insurance application.

■ The plaintiff's other argument that Question 13(b) is vague and overbroad and, as such, does not call for a complete and completely honest answer is also without merit. The plaintiff is presumed to have understood the application's questions because she signed the application. See *Stockinger v. Central National Ins. Co.*, 24 Wis.2d 245, 252, 128 N.W.2d 433, 437 (1964). The undisputed record shows that Agent McNally did not mislead the plaintiff about the scope of Question 13(b) and was willing to answer any questions the plaintiff had, the plaintiff did not ask Agent McNally any questions, and the plaintiff reviewed the application prior to signing it. At the time of her deposition, the plaintiff understood the word ever to refer to her entire lifetime. Under these facts, the plaintiff has no basis for asserting that she did not make a misrepresentation in Question 13(b).

## METROPOLITAN LIFE'S RELIANCE ON PLAINTIFF'S MISREPRESENTATION

■ The plaintiff contends that, if the court finds that the plaintiff made misrep-

resentations on her application, there is a clear issue of fact concerning whether Metropolitan Life reasonably relied upon the plaintiff's misrepresentations. The plaintiff argues that if Metropolitan Life had constructive knowledge of the information the plaintiff misrepresented, then Metropolitan Life cannot void the policy. The plaintiff claims that she had insurance with Metropolitan Life in the early 1970s under a group plan through her husband's employer. The plaintiff argues that a jury could find that Metropolitan Life had constructive knowledge of the plaintiff's psychotic episodes because Metropolitan Life could have checked its records of the plaintiff's previous claims. On this motion for summary judgment, the plaintiff has not presented to the court admissible evidence that the plaintiff previously filed claims with Metropolitan Life for treatment of her psychotic episodes. However, even if the plaintiff could prove that she filed previous claims, a jury could not find that Metropolitan Life had constructive knowledge of the plaintiff's psychotic episodes.

Wisconsin law expressly limits the imputation of constructive knowledge to an insurance company of knowledge acquired by an agent of the company dealing directly with the insured. See Wis.Stats. §§ 631.-11(4) and 631.09(1). The plaintiff has not cited to any authority to justify expanding this limitation, and the court does not believe such an expansion is intended by the legislature. See Wis.Stats.Annot. § 631.-11(4), Committee Comment, 1975.

Constructive knowledge is the only challenge the plaintiff makes to Metropolitan Life's reliance on the plaintiff's misrepresentation. Having found that there is no merit to this challenge, and that the record establishes that the plaintiff made a material misrepresentation on the plaintiff's insurance application which Metropolitan Life relied on in issuing the plaintiff's policy, Metropolitan Life's motion for summary judgment will be granted.

IT IS THEREFORE ORDERED that defendant Metropolitan Life Insurance Company's motion for summary judgment

against the plaintiff, Esther Irwin, is granted.